CALZADA, PLAINTIFF AND APPELLEE, v. PAGÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action for the Execution of a Deed, Etc.

No. 1268.—Decided July 24, 1915.

SURVEY—STIPULATION—FRAUD.—The parties stipulated that a certain property should be surveyed and that as soon as such survey should be made and the issues of the suit settled, the court should order the defendant to deliver to the complainant the half of the land agreed upon. The court made an order in accordance with the terms of the stipulation. The survey having been made and the defendant having alleged that it was never introduced in evidence, it was held that in the circumstances of the case the survey had been admitted in evidence, and that in the absence of fraud or any other such element the defendant was bound thereby.

ID.—APPEAL—RECORD OF CASE.—When a survey becomes a part of the record of a case and is indispensable for the purposes of appeal, it is the duty of the appellant to place this court in the same position with respect to the facts as was the court below when it rendered the judgment, and, if he fail to do so, the judgment must be affirmed.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for the appellant.

*Mr. José G. Torres* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the defendant sold to the complainant half of a certain piece of property alleged to contain about ninety acres, subject to certain deductions and subject to an agreement for a survey, all of which facts we shall set forth in greater detail hereafter. The complaint in this suit alleged the failure of the defendant to comply with the terms of the contract, which, in its essence, was to make a deed for the land as soon as it was surveyed.

An analysis of the pleadings fails to reveal any very important issue between the parties. Be that as it may, on May 2, 1913, during the progress of this suit, the parties

stipulated that the land should be surveyed by engineer An-
tolín Nin and that as soon as such survey should be made
and the issues of the suit settled, the court should order the
defendant to deliver to the complainant the half of the land
agreed upon. The court made an order in accordance with
the terms of the stipulation.

The engineer presented his survey and the court, without
further hearing, rendered a judgment on September 12,
1913. This Supreme Court reversed that judgment for lack
of such hearing and sent the case back for further proceed-
ings not inconsistent with the opinion of this court. *Calzada*
v. *Pagán,* 20 P. R. R. 431.

The case was set for trial again in the court below and
heard on the 10th of September, and after the examination
of witnesses on both sides, including the engineer who made
the survey, judgment was rendered for the complainant.

Nowhere in the statement of the case is there a copy or
an extract of the survey made by the engineer. The appel-
lant maintains, as we understand him, that such survey was
never offered in evidence in the hearing of September 10,
1914, and that as such survey was the essential document
of the case, the court below had no right to render judgment
for the complainant. The said appellant, at the hearing in
this court, also maintained that there was a complete new
trial in the court below.

If the judgment and opinion of this court in the case of
*Calzada* v. *Pagán, supra,* be examined it will be found that
this court did not order a new trial but assumed that further
proceedings and perhaps further testimony would be neces-
sary. It also assumed that the survey of the engineer was
already submitted to the court.

Similarly, the statement of the case shows that engineer
Antolín Nin, in testifying, refers to the survey as if it were
already before the court. The judgment of the court says
that the defendant must accept the survey made in the plan
of the engineer, showing that the court considered that the

plan was before it. We have no doubt that the parties made their arguments to the court below on the theory that the survey had been admitted to the record. Likewise the order of May 2, 1913, satisfies us that it was the intention of the parties that the survey should be filed in court. These considerations satisfy us that the survey was duly presented to the court below at the first hearing and became a document in the case.

The survey having become a document in the case, it was the duty of the appellant to place this court in the same position with respect to the facts as the court below found itself when it rendered the judgment. This he has failed to do and if the survey is an indispensable document the judgment must be affirmed.

Is there any other ground for reversing the judgment, even considering the survey before this court? A part of its contents at least can be gathered from the statement of witnesses, the facts of the case being substantially as follows:

José Pagán y Carrasquillo sold to José Calzada one-half of a piece of land supposed to contain about 90 acres according to the description in the deed that Pagán obtained from Frank Antonsanti and his wife. It was agreed between the parties that the half of the land lying nearest to the boundary of Ramón Rola, to-day Francisco Calzada, should be delivered to Calzada, discounting the acres in possession of a certain Alejo Matos, and that Pagán would make a deed for the land as soon as it was surveyed. The parties, as we have seen, at the trial agreed on a survey. When the survey came to be made the engineer found that the land as described by its bounds only contained 76.56 acres, which, after discounting the acres belonging to Alejo Matos, would give the complainant a right to 33.78 acres. The appellant maintained that the engineer ought to have included certain other land.. The engineer testified that, in making the survey, when he reached a certain point Pagán insisted that the

boundary went in a certain direction, but that the description shown in a survey made by Ramón Rola showed a different direction. Pagán introduced proof tending to show that the land was recorded with an area of 90 acres, more or less, in 1902 and had always been transferred with this area, but as found by the court below, there was no proof of previous survey or that the lines as indicated in the survey of Rola were not correct.

We agree with the court below that it was the duty of Pagán to make the survey. Instead of that he submitted himself to the survey to be made by Nin and in the absence of a showing of fraud or similar element he was bound thereby.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.